Brown, District Judge.
On the delivery of a consignment of tea in New York in November, 1891, by the steamship Exe, 217 packages were found damaged. They had been stowed in copartment No. 2 and the damaged packages were in the lower tier, where they had been more or less wet by water, which, upon subsequent examination, proved to have come through an open bolt hole in the water ballast tank. The bolt had served to fasten the smaller. stanchion some five or six inches from the principal stanchion over the keelson. This stanchion of iron, two inches in diameter, was found bent in the middle and loose at the bottom, the bolt having been drawn out of the hole where it had been fastened.
The claimants contend that the bending of the stanchion, and the consequent drawing of the bolt were caused through the surging of the ship in heavy weather, that is, by a peril of the sea, and by the weight of the cargo pressing against the stanchion in the rolling of the ship on the voyage. I am not satisfied of the sufficiency of this expla *156 nation. The cargo of tea was a comparatively light cargo; it was not calculated to damage and to break down into an unseaworthy condition a vessel properly constructed, and in proper condition at the commencement of the voyage. The weather was not so extraordinary that damages arising from mere insufficiency of the interior structure of the vessel to keep the cargo from water damage, should fall on the cargo. The bolt when loose was found to be much rusted. The master in his testimony speaks of it as so loose and rusted that water might come around it.
Packages of tea are, or ought to be, so tightly packed as not to admit of any shifting. In this case there was no proper shifting; only evidences of slight movement of the cargo. Some boxes in the neighborhood of the stanchion were broken; and some damaged on top. But the risks of the bending of a stanchion like this, and of pulling out rusty bolts, do not belong to the cargo, but to the ship. Had they been of proper strength and in proper condition, no such accident could have happened, or such damage arisen. In my judgment the damage proceeded from either the original insufficient strength of the stanchion, or from its bad condition, or bad fastening at the commencement of the voyage. For such defects, either of condition, or of original structure, the ship, and not the cargo, takes the risk; and to such damages none of the exceptions of the bill of lading apply. The Hadji, 16 Fed. Rep. 861, affirmed 20 Fed. Rep. 876; The Rover, 38 Fed. Rep. 515, 516, affirmed 41 Fed. Rep. 58; The Caledonia, 43 Fed. Rep. 681.; Steel v. State Line, etc., 8 App. Cas. 72, 86; Tattersall v. Steamship Co., 12 Q. B. Div. 297.
Decree for the libelant, with costs, with an order of reference to compute the damages, if not agreed upon.